**In the Matter of Kristin R. WILLADSEN, Respondent.**

No. 18S00–1104–DI–247.

Supreme Court of Indiana.

July 20, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On November 11, 2010, Respondent appeared in Knightstown Town Court, where she slurred her speech and appeared unsteady on her feet. She was arrested for and later pled guilty to public intoxication, a class B misdemeanor. Respondent self-reported both her arrest and her conviction to the Commission.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) she self-reported her arrest even though not required to do so; (3) she contacted the Indiana Judges and Lawyers Assistance Program ("JLAP") after her arrest and has executed a monitoring agreement with JLAP; and (4) she has successfully completed an intensive outpatient treatment program at Fairbanks Hospital. The parties cite no facts in aggravation.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning on the date of this order, all stayed subject to completion of two years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall have no violations of the law or the Rules of Professional Conduct during her probation.

(2) If Respondent violates her probation, the Commission will petition to revoke her probation and request that the stayed suspension be actively served without automatic reinstatement and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in

the bound volumes of this Court's decisions.

All Justices concur.